UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN DIVISION

| | |
|---|---|
| **WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY,** individually and on behalf of all others similarly situated, | Case No.: 4:18-cv-2212 |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | |
| **COMMERCIAL INDUSTRIAL ROOFING, LLC**, an Ohio limited liability company, | **DEMAND FOR JURY TRIAL** |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Stone & Company" or "Plaintiff") brings this Class Action Complaint against Defendant Commercial Industrial Roofing, LLC ("CIR" or "Defendant"), to stop its practice of sending unsolicited fax advertisements to consumers and businesses, and to obtain redress for all persons or entities similarly injured by its unlawful conduct. Plaintiff Stone & Company, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

1

## PARTIES

1. Plaintiff Stone & Company is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania. Stone & Company's principal place of business is in Connellsville, Fayette County, Pennsylvania.

2. Defendant Commercial Industrial Roofing, LLC is a limited liability company organized and existing under the laws of the State of Ohio.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), which is a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceed $5 million. Further, none of the exceptions to CAFA applies here.

4. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is registered to do business in the State of Ohio, regularly conducts business in the State of Ohio and in this district, and is headquartered in this District.

5. Venue is proper in this District because Defendant resides in this district and a significant portion of the events described throughout this Complaint took place within this District and the faxes were sent from, and/or the decision to send the faxes was made, in this District.

## COMMON ALLEGATIONS OF FACT

6. This case challenges Defendant's practice of sending unsolicited fax advertisements.

7. The Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227, *et seq.* ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.

8. Defendant sent a facsimile transmission of an unsolicited advertisement to Plaintiff and the Classes in violation of the JFPA, on April 18, 2018. (*See* "CIR Fax" a true and accurate copy of which is attached hereto as Exhibit A.) The CIR Fax promotes the services and goods of Defendant, specifically its roofing services. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA to other persons as well.

9. Unsolicited faxes cause harm to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also interferes with, invades, and intrudes upon the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

10. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

11. Defendant's facsimile transmissions were and are being done in the same or similar manner. That is, Defendant used the same equipment to send a facsimile to Plaintiff as it used to send facsimiles to everyone else. As such, this action is based on the same legal theory, namely liability under the JFPA stemming from the same faxes being sent from the same equipment. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## FACTS SPECIFIC TO PLAINTIFF STONE & COMPANY

12. On or about April 18, 2018, Defendant caused an unsolicited facsimile to be transmitted by telephone facsimile machine to Plaintiff.

13. A copy of the August 18, 2016 facsimile is attached hereto as Exhibit A.

14. CIR profited by and received the benefits of marketing of its products and is a responsible party under the JFPA.

15. Defendant created or caused to be made the faxes contained in Exhibit A, which Defendant knew or should have known advertise Defendant's goods or products (namely its roofing services) that Defendant intended to and did in fact distribute Exhibit A to Plaintiff and the other members of the Class. Further, Defendant profited from and received the benefits of

marketing its products and services by fax and is a responsible party under the JFPA.

16. The fax contained in Exhibit A is part of Defendant's work or operations to market Defendant's goods or services that are performed by Defendant and/or on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

17. Plaintiff has never consented or invited or given permission to Defendant to send the faxes and had no prior relationship with Defendant.

18. On information and belief, Defendant faxed the same or substantially similar unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

19. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners actually desire and consent to receive.

20. Further, Defendant's facsimile did not display an opt-out notice as required by 47 C.F.R. 64.1200. Among other things, it did not provide a cost-free mechanism for recipients to opt-out.

## CLASS ACTION ALLEGATIONS

21. In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following classes of persons:

> **No Consent Class**: All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf an unsolicited telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

5

22. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

23. **Numerosity:** Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the hundreds and potentially in the thousands.

24. **Commonality and Predominance:** Common questions of law and fact apply to the claims of all class members that are central to each class members' claim. Common material questions of fact and law include, but are not limited to:

    (a) Whether the Defendant sent an unsolicited fax advertisement;

    (b) Whether the Defendant's fax advertised the commercial availability of property, goods, or services;

    (c) Whether Defendant obtained prior express consent from the recipients to send the faxes;

6

    (d)  Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

    (e)  Whether the Defendant sent the faxed advertisements knowingly;

    (f)  Whether the Defendant violated the provisions of 47 U.S.C. § 227, *et seq.* and the regulations promulgated thereunder;

    (g)  Whether the Faxes contained an "opt-out notice" that complies with the requirements of § 227(b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

    (h)  Whether the Defendant should be enjoined from faxing advertisements in the future;

    (i)  Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

    (j)  Whether the Court should award treble damages.

  25.  **Typicality:** Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the Fax sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

  26.  **Adequate Representation:** The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class. Plaintiff is committed to keeping itself apprised of the litigation and to representing the Class Members' interests.

27. **Conduct Similar to the Class as a Whole:** Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. § 227(b)(3), *et seq.*

28. **Superiority and Manageability:** Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    (a) Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

    (c) The Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    (d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs. The common questions cut to the heart of the case and predominate over any supposed individualized issues; and

(e) This case is manageable and superior to maintain as a class action in that:

i. The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

ii. Liability and damages can be established for the Plaintiff and the classes with the same common proofs;

iii. Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

v. A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

vi. As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## FIRST CAUSE OF ACTION
### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq.*
### (On Behalf of Plaintiff and the No Consent Class)

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

31. The JFPA defines "unsolicited advertisement" as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

32. The faxes sent by Defendant advertised roofing services by Defendant, were commercial in nature, and are advertisements under the TCPA.

33. Plaintiff and the other class members never gave prior express consent, invitation or permission to receive the faxes.

34. **Opt-Out Notice Requirements:** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § 227(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements").

   1. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

   2. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

   3. a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the

ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

The requirement of (1) above is incorporated from § 227(b)(2)(D)(ii) of the Act. The requirement of (2) above is incorporated from § 227(b)(2)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission ("FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § 227(b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § 227(b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxes advertisement gave "prior express permission or invitation" to receive the Faxes nor can the sender claim the exemption from liability contained in § 227(b)(1)(C) of the Act.

35. **The Faxes.** Defendant sent the April 18, 2018 fax via facsimile transmission from telephone facsimile machines, computer, or other device to the telephone facsimile machines of Plaintiff and members of the No Consent Class. The Fax constituted an advertisement under the

Act. The Faxes were transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements as explained below. Defendant violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the No Consent Class.

36. **Defendant's Other Violations of the TCPA.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the No Consent Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

37. The JFPA provides a private right of action to bring this action on behalf of Plaintiff and the No Consent Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

38. The Defendant knew or should have known that (a) the Plaintiff and the other members of the No Consent Class had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement; and (c) the Fax did not apprise recipients of their legal right to opt-out.

39. The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing, and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other No Consent Class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other members of the No Consent Class from the sending of Defendant's advertisements occurred outside of Defendant's premises.

40. As a result of Defendant's conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under section 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

41. Furthermore, in the event the Court finds that Defendant's conduct was willful and knowing, the Court should, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stone & Company, Inc., on behalf of itself and the class, prays for the following relief:

1. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Stone & Company as the representative of the Class and appointing its attorneys' as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

3. An order enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

4. An award of pre-judgment interest;

5. An award of reasonable attorneys' fees and costs;

6. And award of treble damages where willfulness is shown; and

7. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**WENDELL H. STONE COMPANY, INC.**, individually and on behalf of all others similarly situated,

Dated: September 26, 2018          By:    /s/ William M. Harrelson II

William McAllum Harrelson, II
HARRELSON & HARRELSON LLP
9 West Water Street
Troy, Ohio 45373
Telephone: (937) 552-9400
Facsimile: (937) 552-9361
Email: Will@HarrelsonLLP.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice* Admission to Be Sought